IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANI JO McLEAN,

                         Plaintiff,                        OPINION AND ORDER

    v.

                                                                      09-cv-143-wmc

JAMES A. STUDENEC,

                         Defendant.

---

Plaintiff Dani Jo McLean filed an unopposed motion for an indefinite adjournment of the trial, currently scheduled for October 18, 2010, pending a decision on defendant James Studenec's appeal from his criminal conviction concerning similar allegations as to those in McLean's complaint. (Dkt. #17.) Because resolution of that appeal is not necessary for McLean's civil action against Studenec to proceed, the court denies plaintiff's motion.

BACKGROUND

McLean alleges that defendant James Studenec, her former probation officer previously employed with the Wisconsin Department of Corrections, discriminated against her on the basis of her sex in violation of the equal protection clause of the Fourteenth Amendment by imposing adverse terms and conditions of probation on McLean. (Compl. (dkt. #1) ¶ 20.) Studenec is the lone defendant, and McLean sues Studenec solely in his individual capacity. (*Id.* at ¶ 4.)

1

Specifically, McLean alleges that Studenec sexually assaulted her. (Compl. ¶¶ 11, 13, 16.) In a separate criminal proceeding, a jury found Studenec guilty of multiple counts of second degree sexual assault by a probation, parole, or extended supervision agent, contrary to Wis. Stat. §§ 940.225(2)(i), 939.50(3)(c) and misconduct / office-act / excess authority, contrary to Wis. Stat. §§ 946.12(2), 939.50(3)(i). *State v. Studenec*, No. 2005CV000070 (Vilas County Cir. Ct.). Studenec is currently serving a five-year prison term and is appealing his criminal conviction to the Wisconsin Court of Appeals. *Id.* The parties' briefs in the criminal action were filed in April, and his appeal was submitted on the briefs to the court on September 8, 2010. *State v. Studenec*, No. 2009AP002377 - CR (Wis. Ct. App. July 23, 2008).

Plaintiff previously filed a motion for a three-month extension of the summary judgment motion deadline because of Studenec's pending criminal appeal (dkt. #14), which Magistrate Judge Crocker, writing for the court, denied in part because plaintiff failed to explain how or why the outcome of the pending criminal appeal would affect plaintiff's summary judgment motion (dkt. #16).

OPINION

While plaintiff attempts an explanation of the significance of Studenec's criminal appeal in her pending motion, she still fails to articulate just how the decision of the Wisconsin Court of Appeals will directly affect plaintiff's claims in this civil action. Perhaps plaintiff hopes to use Studenec's conviction as issue preclusion on some elements of her § 1983 claim. If so, plaintiff does not state so, nor does she explain: how it would

be preclusive, as to which elements, or if and how the appeal impacts the preclusive effect of Studenec's conviction. Arguably, the current conviction could preclude defendant from disputing certain factual or legal issues, including a finding of adverse action or intent and malice for punitive damages, but plaintiff need not rely on the criminal conviction to prove her civil case. Or, perhaps plaintiff is concerned that reversal of Studenec's criminal conviction would affect any judgment in this action.

But none of these concerns justify a stay. A defendant could be civilly liable under § 1983 without being criminally liable. And defendant's criminal conviction may not be enough, by itself, to establish liability, much less damages, under plaintiff's § 1983 claim.[1] In other words, while the allegations underlying both the criminal case and this civil action might overlap, plaintiff's civil lawsuit does not turn on defendant's criminal conviction and any vague promise of "judicial economy" or a possible "settlement" is insufficient to justify an indefinite stay.

McLean also argues that her discovery efforts may be thwarted by defendant's intention to invoke his Fifth Amendment rights if questioned about matters that may impact his conviction in state court. This, too, is an insufficient ground to stay this case until resolution of Studenec's criminal appeal. If the defendant invokes his Fifth

---

[1] "[I]ssues actually litigated for purposes of a criminal conviction conclusively establish those issues for later federal civil litigation." *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 858 F.2d 1264, 1271 (7th Cir. 1988). At this time, the court need not decide the preclusive effect, if any, of Studenec's criminal conviction. The burden of establishing preclusion is on the party claiming it, *see, e.g.*, *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 322 F.3d 928, 933 (7th Cir. 2003), and plaintiff has not yet made such a showing.

Amendment rights, he will be precluded from testifying differently at trial and the jury may draw its own adverse inferences. *See Evans v. City of Chicago*, 513 F.3d 735, 741 (7th Cir. 2008) ("[N]egative inference against a witness who invokes the Fifth Amendment in a civil case is permissive."); *see also Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Daniels v. Pipefitters' Ass'n Local Union No. 597,* 983 F.2d 800, 802 (7th Cir. 1993). That, in combination with affirmative testimony from witnesses for the plaintiff (who will likely have to testify in detail as to damages anyway) should be adequate to overcome any prejudice resulting from thwarted discovery.

Even if this were a closer question, the court is convinced that a delay of this case until resolution of Studenec's criminal appeal is ill advised. Regardless of outcome, a decision by the Court of Appeals will inevitably invite an appeal to the Wisconsin Supreme Court (not to mention possible collateral attacks to the extent the concern is one of absolute finality). Moreover, the briefs in Studenec's criminal appeal were only submitted to the Wisconsin Court of Appeals last week. Given the heavy caseload of the Wisconsin Court of Appeals, it will likely be months, if not a year or more, before a decision is rendered. The court will not stay this lawsuit pending some unknown and unknowable date into the future.

ORDER

IT IS ORDERED THAT plaintiff Dani Jo McLean's motion for adjournment and rescheduling of trial is DENIED.

Entered this 17th day of September, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge